J. HARVEY FINCH, Appellant, *v.* L. B. FOSTER Co., INC., Respondent.

*Pleading — amendment of complaint so as to correct date on which agreement was alleged to have been made makes no substantial change in cause of action.*

An amendment to a complaint so as to allege that a certain agreement was made on the seventh of May instead of on the nineteenth, as previously alleged, makes no substantial change in the cause of action and is an unnecessary correction of an immaterial variance. A construction by the Appellate Division, therefore, of the amendment as setting up a new cause of action cannot be sustained.

*Finch* v. *Foster Co., Inc.,* 197 App. Div. 172, modified.

(Argued May 1, 1922; decided May 9, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1921, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Joseph Dannenberg* and *John T. McGovern* for appellant.

*Henry Clay Greenberg, I. Maurice Wormser* and *Jerome Wilzin* for respondent.

*Per Curiam.* The complaint sets forth two causes of action. The first alleged is that on or about the 6th day of May, 1920, the plaintiff and defendant entered into an agreement whereby the defendant agreed to sell to the plaintiff six hundred gross tons of steel rails at $54 a gross ton, and that thereafter, on the same day, the plaintiff entered into an agreement with Manuel Caragol & Son, Inc., for the sale of the merchandise previously purchased by the plaintiff from the defendant for the sum of $56 per gross ton, and the plaintiff, at the special instance and request of the defendant herein, turned over the said agreement to the defendant for the

purpose of having the order filled, in consideration whereof the defendant herein promised and agreed with the plaintiff that the defendant would pay the plaintiff $2 per gross ton; and that the defendant filled the order and shipped said merchandise amounting to six hundred and thirty tons, and that the defendant is indebted to the plaintiff in the sum of $1,260.

The second cause of action, based on a second transaction, is pleaded the same in form as the first. It differs materially only as to the date of the agreement to sell, which is fixed at May 19, 1920, and the quantity of rails, which is fixed at one thousand tons. The answer is a general denial.

It was clearly established that on May 6th defendant made plaintiff a price on six hundred tons for resale to his customer. The controversy was over the second order of one thousand tons.

Plaintiff testified that on the 7th day of May (not the 19th day of May, as alleged in the complaint) the defendant gave him a price on a further lot of one thousand tons at the same price for Caragol, stating that Caragol was the plaintiff's customer and the defendant would protect him. He was thereafter permitted to amend his complaint so as to allege that the agreement to let him have the one thousand tons on the same terms as the six hundred tons was made on the 7th day of May. This amendment made no substantial change in the cause of action and was an unnecessary correction of an immaterial variance. (Code Civ. Pro. §§ 539, 540; Civil Practice Act, § 434.) It clearly appeared that plaintiff induced the sale of the one thousand tons to Caragol & Son. The second order went through in practically the same form as the first order. The jury was fully justified in finding that defendant agreed to let plaintiff have one thousand tons for his customer on the same terms as the six hundred tons. The refusal of defendant to pay because the order came direct from Caragol was a mere pretext, if plaintiff's evidence is believed.

The Appellate Division construed the amendment to

the complaint as setting up a new cause of action, a cause of action for commissions, which was neither pleaded nor proved, and dismissed the second cause of action for lack of power in the court to grant the motion, and for failure of proof. The record does not sustain this construction of the amendment. As the reversal is presumed to be on this question of law only (Code Civ. Pro. § 1338), the judgment of the trial court must be restored.

The judgment of the Appellate Division dismissing the second cause of action should be reversed and the judgment of the Trial Term in respect to said cause of action affirmed, and judgment of Appellate Division as so modified affirmed, with costs to appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.